UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-185-RJC

| | |
|---|---|
| JOE NATHAN BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| DANIEL E. BAILEY, Mecklenburg County ) | |
| Sheriff, ) | |
| MICHAEL LABOO, Mecklenburg County ) | |
| Deputy Sheriff, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. § 1915(e) and 1915A. Plaintiff, who is proceeding pro se, filed a Complaint, (Doc. No. 1), and an Application to Proceed in Forma Pauperis ("IFP Motion"), (Doc. No. 1-1), on March 22, 2012. Having conducted an initial review, the Court has determined that Plaintiff's Complaint must be dismissed without prejudice for his failure to exhaust his administrative remedies for the claims set forth therein.

### I. BACKGROUND

Pro se Plaintiff Joe Nathan Brown is a state court inmate, currently incarcerated at Albemarle Correctional Institution in Badin, North Carolina. In the Complaint, Plaintiff alleges the following:

> If, however, in the Mecklenburg County Jail: a circumstance or action in which you consider being in violation of agency policy and procedure. But I was present during each head count roll call: But I came down for the day room and follow [instructions] by your pad supervisor (officer Laboo). Starting roll call called head count. He stated: Mr. Joe Nathan Brown: so I give him my first name (Officer Laboo) he ask the same quest again: I did give him my name: But I never

1

> assault (Officer Laboo). How can I be guilty for this charge: (when Officer Laboo) assault me: N.C. G/S 160-105-97. And that this action brought under the authority granted in Article (15) Chapter 240 North Carolina General Statutes: "I have problem chewing because of the assault as well. Lower back tooth. I'm mentally unstable at time: Thinking I'm going to be attached again: In the jail house camera(s).

(Doc. No. 1 at 5). Plaintiff further states that he is seeking punitive damages and/or immediate injunctive relief. (Id.).

Although his allegations are not very clear, Plaintiff appears to be alleging that, while he was an inmate in the Mecklenburg County Jail, Defendant Deputy Sheriff Michael Laboo assaulted him on or around May 4, 2009, and that Plaintiff was subsequently falsely charged with assaulting Laboo.

**II. STANDARD OF REVIEW**

A. Initial Review under 28 U.S.C. §§ 1915(e)(2) and 1915A

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519,

2

520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

      B.  Exhaustion of Administrative Remedies under 42 U.S.C. § 1997e(a)

      The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a Section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that, under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

      In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). Finally, in Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. "The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies." Green v. Rubenstein, 644 F. Supp. 2d 723, 742 (S.D. W. Va. 2009). The Fourth Circuit stated in Anderson v. XYZ Correctional Health Services as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

407 F.3d at 683.

**III.　DISCUSSION**

First, with regard to Plaintiff's Application to Proceed in Forma Pauperis, on March 30, 2012, the Court entered an Order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account, noting that the inmate trust fund account for Plaintiff shows that, six months before submission of the Complaint, Plaintiff accrued an income of $0.00 and that Plaintiff has either no funds or inadequate funds. (Doc. No. 3). To this extent, Plaintiff's application to proceed in forma pauperis is granted.

Next, Plaintiff asserts in his Complaint that he did not exhaust his administrative remedies before filing the Complaint because his cause of action arose at the Mecklenburg County Jail, and he is currently housed at Albemarle Correctional Institution. He asserts, "Therefore, I do not believe I have administrative remedies relating to this complaint at this time." (Doc. No. 5 at 1). By Plaintiff's own allegations, he has failed to exhaust the

4

administrative remedies available to him.[1]  Therefore, the Complaint must be dismissed for failure to exhaust administrative remedies.[2]

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, (Doc. No. 1-1), is **GRANTED**;

2. Pursuant to 42 U.S.C. § 1997(e), the Complaint is dismissed for Plaintiff's failure to exhaust his administrative remedies.

3. The Court further advises Plaintiff that to the extent that he has filed several letters to the Court in this action in which he complains about injuries arising from events wholly separate from the alleged assault by Defendant Laboo, because Plaintiff does not bring those claims in his Complaint, he may not obtain any relief in this matter for any claims alleged in the letters.

**IT IS SO ORDERED**.

Signed: April 29, 2013

Robert J. Conrad, Jr.
Chief United States District Judge

---

[1] Plaintiff did attach to his Complaint an inmate grievance form dated May 9, 2009, in which he complained about the alleged assault by Defendant Laboo.  See (Doc. No. 1 at 4).  However, Plaintiff did not attach any documents to show that, after submitting this initial grievance, he exhausted the remaining steps of the grievance process.

[2] A dismissal for failure to exhaust administrative remedies is without prejudice.  However, since Plaintiff has been transferred away from the Mecklenburg County Jail, the dismissal is effectively with prejudice since Plaintiff can no longer exhaust his administrative remedies.  The Court further notes that, even if Plaintiff had exhausted his administrative remedies, Defendant Sheriff Bailey would be subject to dismissal because Plaintiff does not allege any personal involvement in the assault by Sheriff Bailey, and it is well settled that defendants cannot be found liable under a theory of respondeat superior in § 1983 actions.  See Monell v. Department of Soc. Servs., 436 U.S. 658, 694 (1978).